IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00400-WDM-MEH

ANDRE D. THOMAS,

    Plaintiff,

v.

JOE ORTIZ, *et al.*,

    Defendant.

---

**RECOMMENDATION ON DEFENDANT DECESARO'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION TO DISMISS COMPLAINT, AND PLAINTIFF'S MOTION TO AMEND COMPLAINT**

---

Defendant Anthony DeCesaro has filed a Motion for Summary Judgment or to Dismiss (Docket #19), and Plaintiff has filed a second Motion to Amend Complaint (Docket #27), which have been referred to this Court. The matters are adequately briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **granted**, and Defendant DeCesaro be dismissed from this action. It is further recommended that the Motion to Amend be **denied**.

All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RELEVANT FACTS

Plaintiff, an inmate in state custody, brings this action under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need. Insofar as Defendant DeCesaro is concerned, this Defendant was the grievance officer at step 3 of the Colorado Department of Correction's inmate grievance procedure. Plaintiff alleges that DeCesaro incorrectly determined that Plaintiff had received appropriate, corrective surgery for his medical condition and denied the grievance on that basis, when in fact the prison medical officials had recommended that Plaintiff receive additional surgery. Plaintiff contends that DeCesaro had a constitutional obligation to inform prison officials of the additional needed surgery.

Although Plaintiff is factually incorrect in his characterization of what DeCesaro decided during the step 3 grievance,[1] it is immaterial to resolving the issue of DeCesaro's liability. For at least three different reasons, DeCesaro must be dismissed from this case. Based on such dismissal, and

---

[1] Plaintiff states that DeCesaro expressed the opinion that the surgery was successful, and that Plaintiff needed no additional medical care. The grievance decision itself merely states that Plaintiff "had knee surgery on 3/30/06 at CMHIP. I have found that you returned the cane to medical, that you were given ambulatory assistance, and so I deduce that you are healing according to plan. This action should have resolved this matter." Defendant's Exh. B.

because Plaintiff's proposed amended complaint would be futile, the Motion to Amend should be denied.

## ANALYSIS

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) should be granted only if Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

First, the Court believes that the Complaint fails to state a claim of deliberate indifference to a serious medical need as against Defendant DeCesaro. A prisoner's Eighth Amendment rights are violated when deliberate indifference is shown to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim includes an objective element as to the seriousness of Plaintiff's medical need and a subjective element as to the defendant's treatment of that medical need. To set forth an Eighth Amendment claim upon which relief can be granted, Plaintiff must establish the following:

> [H]is alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, and that Defendants' [inadequate care or] delay in meeting that need caused him substantial harm[.] Finally, to meet the subjective

> element of the deliberate indifference test, he must allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health and safety.

*Erickson v. Pardus*, No. 06-1114, 2006 U.S. App. LEXIS 23658 (10th Cir. Sept. 14, 2006).

A medical need is sufficiently serious "if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)). A plaintiff may satisfy the second part of the test by showing that, subjectively, the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In his Complaint, Plaintiff alleges that Defendant DeCesaro "failed to address the Plaintiff's serious medical needs and made unauthorized medical determinations." Complaint at 3. In no manner does Plaintiff allege any facts that DeCesaro knew about and disregarded a substantial risk of harm to Plaintiff's health and safety. Indeed, Plaintiff acknowledges that DeCesaro is not part of the medical system at the prison and is not even qualified to render medical opinions. Complaint at 7; Memorandum of Law in Support of 42 USC 1983 and American Disibilities [sic] Act Complaint, at 6, ¶ 13 (submitted concurrent with the Complaint).[2]

Plaintiff fails to state a claim of deliberate indifference as that cause of action is interpreted by the courts. *See Bond v. Aguinaldo,* 228 F. Supp.2d 918, 920 21 (N.D. Ill. 2002):

---

[2] Moreover, in the proposed second amended complaint, Plaintiff attempts to plead a "knew or should have known" allegation concerning DeCesaro, which appears to be a negligence standard. *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1259 (10th Cir. 1998). Such an allegation, if proved, may not be sufficient to sustain a claim of deliberate indifference. *See e.g.*, *Davis Next Friend LaShonda v. Monroe County Bd. of Educ.*, 526 U.S. 629, 642-43 (1999); *Hart v. City of Little Rock*, 432 F.3d 801, 807 (8th Cir. 2005).

4

> In order to be liable under 42 U.S.C. § 1983 for denying a prisoner appropriate medical care, a prison official must have been deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Because deliberate indifference requires actual knowledge of a serious risk of harm, [Plaintiff] may not sue non-medical personnel who denied his grievances. Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals. *Durmer v. O'Carroll,* 991 F.2d 64, 69 (3rd Cir.1993); *Williams v. Cearlock,* 993 F. Supp. 1192 (C.D.Ill.1998); *McEachern v. Civiletti,* 502 F. Supp. 532, 534 (N.D. Ill.1980) ("[Defendants] are prison administrators, not licensed medical practitioners. Lacking the requisite expertise, they must necessarily place their confidence in the reports of the prison doctors whenever an inmate disputes a medical opinion as to what treatment is necessary and proper."). The complaint does not permit the inference that [Defendant] actually knew that his treatment was medically inappropriate, and consequently [he] cannot be liable.

Here, the problems with Plaintiff's leg, especially in light of his admission that he returned a cane that he was using to assist in ambulating, is not the type of "unusual case" in which it would be obvious to a layperson such as DeCesaro that inadequate medical care was being provided.

Second, because the state prison grievance procedure does not create any constitutional rights, DeCesaro cannot be held liable under a constitutional deliberate indifference theory for being a decisionmaker in the grievance process. *Bartelli v. Jones*, No. 06-1326, 2007 WL 1113365, *2 (3rd Cir. Apr. 16, 2007) ("[A] state grievance procedure does not confer any substantive constitutional right upon prison inmates") (citations omitted); *Heleva v. Kramer*, 214 Fed. Appx. 244, 247 (3rd Cir. 2007) ("Prisoners do not have a constitutional right to prison grievance procedures. . . .Thus, defendants' alleged obstruction of such procedures is not independently actionable.") (citation omitted); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. . . . Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by

the Due Process Clause.").

The Tenth Circuit appears to be in agreement with this point of law. *Walters v. Corrections Corp. of America*, 119 Fed. Appx. 190, 191 (10th Cir. 2004) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Sims v. Miller*, 5 Fed. Appx. 825, 828 (10th Cir. 2001) ("insofar as plaintiff contended that CDOC officials had failed to comply with the prison grievance procedures, he had failed to allege the violation of a federal constitutional right"). *Hall v. Haughain*, No. 94-1443, 1994 WL 702345 (10th Cir. Dec. 16, 1994) ("In short, the grievance officer is given the power to investigate and then to terminate the grievance *or* to recommend further action. The regulations do not require action by the executive. Thus, while [Plaintiff] may have been deprived of a timely response, he has been deprived of no other "right" bestowed by the regulations.").

Finally, the Court agrees with those decisions cited by Defendant DeCesaro finding that a step 3 grievance officer cannot be held liable in a Section 1983 case, because Plaintiff cannot allege that DeCesaro in any way directly caused or participated in the failure to provide constitutionally required medical care. The courts require direct, personal participation in the alleged constitutional violations, and DeCesaro's only alleged involvement here were actions he took as the step 3 grievance officer. *E.g.*, *Justice v. Wallace*, 185 Fed. Appx. 745, 746 (10th Cir. 2006). In the Tenth Circuit, constitutional allegations against an actor whose only involvement was during the grievance process do not state a claim. *Larson v. Meek*, No. 04-1169, 2007 WL 1705086, *3 (10th Cir. June 14, 2007) ("Mr. Gillespie's denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir.2002) (per

curiam). This situation, which is fatal to Mr. Larson's case, cannot be corrected by amending the complaint."). For this same reason, the Court recommends denial of the Motion to Amend as well as granting the Motion to Dismiss, because Plaintiff has not and cannot allege direct participation by Defendant DeCesaro. *See Sandifer v. Green*, 126 Fed. Appx. 908, 912 (10th Cir. 2005); *Estrada v. Kruse*, 38 Fed. Appx. 498, 499 (10th Cir. 2002) (holding that denial of motion to amend is proper if amendment would be futile).

## CONCLUSION

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant DeCesaro's Motion to Dismiss Complaint [Filed April 26, 2007; Docket #19] be **granted**; that all claims against Defendant DeCesaro be **dismissed** with prejudice; and that Plaintiff's Motion to Amend Complaint Pursuant to F.R.Civ.P. 15 [Filed May 18, 2007; Docket #27] be **denied** as futile.

Dated at Denver, Colorado this 25th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge