IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   07-CV-00400-WDM-MEH

ANDRE D. THOMAS,

    Plaintiff,

v.

JOE ORTIZ, *et al.*,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (Docket No. 42) that Defendant Anthony DeCesaro's (Defendant) Motion for Summary Judgment or to Dismiss (Docket No. 19) be granted with respect to the motion to dismiss and that Plaintiff's Motion to Amend Complaint (Docket No. 27) be denied.  Plaintiff did not file an objection to the recommendation and, therefore, is not entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation.

I have reviewed the pertinent portions of the record in this case, including the complaint, the motion for summary judgment or to dismiss, Plaintiff's response, Defendant's reply, and the recommendation.  Plaintiff sets forth a number of claims regarding the medical treatment of a knee injury.  In particular, Plaintiff asserts that

PDF Final

Defendant violated Plaintiff's constitutional rights because Defendant was deliberately indifferent to Plaintiff's medical needs and failed to notify the proper people about Plaintiff's medical condition; that Defendant did not follow the prescribed grievance procedure; and that Defendant violated 42 U.S.C. § 1983. Magistrate Judge Hegarty determined that Plaintiff's complaint should be dismissed because (1) Plaintiff failed to allege facts demonstrating that Defendant knew of and disregarded a substantial risk of harm to Plaintiff as required for a deliberate indifference claim; (2) the state grievance procedure does not create substantial constitutional rights for which Plaintiff may recover; and (3) a grievance officer is not liable under section 1983 unless he was directly, personally involved in the constitutional violations. Magistrate Judge Hegarty also determined that Plaintiff's motion to amend the complaint should be denied because such amendment would not serve the purpose for which Plaintiff sought leave to amend, that is, to cure the complaint's deficiencies with respect to Plaintiff's claims against Defendant. I have reviewed the legal authorities relied on by Magistrate Judge Hegarty and discern no error.[1]

Accordingly, it is ordered:

---

[1] I do note that one of the cases relied upon by Magistrate Judge Hegarty was subsequently vacated and remanded and then reinstated in part and remanded in part. *See Erickson v. Pardus*, 2006 U.S. App. LEXIS 23658 (10th Cir. Sept. 14, 2006) (holding that a deliberate indifference claim requires a showing of an objective element, that the plaintiff was substantially harmed by the inaction, and a subjective element, that defendant "knew about and disregarded a substantial risk of harm to [Plaintiff's] health and safety"). However, there is substantial other Tenth Circuit authority to support the proposition for which this case was used by Magistrate Judge Hegarty. *See, e.g., Self v. Crum*, 439 F.3d 1227, 1230–31 (10th Cir. 2006); *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001); *Johnson v. Mullin*, 422 F.3d 1184, 1186 (10th Cir. 2005).

PDF Final

1. The recommendation of Magistrate Judge Michael E. Hegarty (Docket No. 42) is accepted.

2. Defendant DeCesaro's Motion for Summary Judgment or to Dismiss (Docket No. 19) is granted.

3. Plaintiff's Motion to Amend Complaint (Docket No. 27) is denied.

4. Plaintiff's complaint is dismissed with prejudice.

5. Defendants may have their costs.

DATED at Denver, Colorado, on November 1, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge