IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00400-WDM-KLM

ANDRE D. THOMAS,

    Plaintiff(s),

v.

JOE ORTIZ, Executive Director of Colorado Dept. Of Corrections,
MR. KIETH, Warden, Corrections Corporation of America,
JOY CUNNINGHAM, CCA Case Manager,
ANTHONY A. DECESARO, Grievance Officer, CCA, and
CCA - CORRECTION CORPORATION OF AMERICA,

    Defendant(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    Plaintiff, who is *pro se*, was a state prisoner incarcerated in Canon City, Colorado, until his parole sometime after July 25, 2007. Plaintiff failed to provide the Court and opposing counsel with an updated mailing address after his parole, in violation of D.C.COLO.L.Civ.Rs. 5.2C and 10.1M (requiring *pro se* parties to file a change of address within ten days of any such change).

    By Minute Order dated November 14, 2007, a status conference was set in this case for November 30, 2007, and Plaintiff was ordered to appear in person [Docket No. 59]. Plaintiff failed to appear for this status conference and he did not contact the Court to explain his failure to appear. The Court, *sua sponte*, contacted his parole officer and obtained the following current mailing address for the plaintiff: 2052 S. Helena, Apt. B, Aurora, CO 80010.

    By Order dated November 30, 2007, I ordered Plaintiff to appear in person on January 8, 2007 and show cause why his case should not be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and D.C.Colo.L.Civ.R. 41.1 [Docket No. 64]. This Order was sent to Plaintiff's current mailing address provided by his parole officer and was not returned to the Court as undeliverable.

Plaintiff failed to appear on January 8, 2007 and show cause why his case should not be dismissed for failure to prosecute. Plaintiff has not contacted the Court to explain his failure to appear, and no mail sent to Plaintiff's current mailing address has been returned to the Court as undeliverable.

Accordingly, I respectfully **RECOMMEND** that this Case be **DISMISSED WITH PREJUDICE** for failure to follow Court orders, and failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and D.C.Colo.L.Civ.R. 41.1.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 9, 2008