IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-CV-00400-WDM-KLM

ANDRE D. THOMAS,

    Plaintiff,

v.

JOE ORTIZ, *et al.*,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kristen L. Mix (Docket No. 66) that Plaintiff's case be dismissed with prejudice for failure to follow the Court's Orders and failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and D.C.Colo.L.Civ. 41.1. Plaintiff did not file an objection to the recommendation and, therefore, is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I accept as modified Magistrate Judge Mix's recommendation.

I have reviewed the pertinent portions of the record in this case, including the history of this case, the Orders of this Court, and the recommendation. Plaintiff filed this action in February 2007 setting forth a number of claims based on the medical treatment of a knee injury. After his parole sometime around July 25, 2007, Plaintiff failed to provide the Court with an updated address in violation of D.C.COLO.LCivR

5.2C and 10.1M (requiring notice of new address after any change). Plaintiff did not attend the November 14, 2007 status conference set by minute order and did not contact the court to explain his failure to appear. Thereafter, acting *sua sponte*, the Court contacted Plaintiff's parole officer and obtained a new address: 2052 S. Helena, Apt. B, Aurora, CO 80010. A Show Cause Order was issued November 30, 2007 ordering Plaintiff to appear in person on January 8, 2008 and show cause why his case should not be dismissed for failure to prosecute. A copy of the Order was sent to the newly obtained address and was not returned as undeliverable. Plaintiff failed to appear on January 8, 2008 and did not contact the Court to explain this failure. Therefore, Magistrate Judge Mix recommends that Plaintiff's case be dismissed with prejudice for failure to prosecute and failure to follow an order of the Court pursuant to Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1. I agree with Magistrate Judge Mix that dismissal with prejudice is appropriate.

A district court may dismiss a case for failure to comply with [local rules], the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1; *see also* Fed. R. Civ. P. 41(b). However, "dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of the justice.'" *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Before choosing dismissal as a sanction, a court must consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Magistrate Judge Mix did not consider the *Ehrenhaus* factors in the recommendation; however, my analysis of the factors leads to the same result that Magistrate Judge Mix arrived at, i.e., dismissal with prejudice.

      Although a *pro se* party's failure to appear at a single court hearing may not amount to conduct sanctionable by dismissal, the circumstances of this case are distinguishable. Here, Plaintiff has failed to appear at two court hearings including a show cause hearing, and has failed to provide the Court with a current address. In fact, Plaintiff has done nothing in the case since July 2007 when he appeared at a scheduling conference before Magistrate Judge Michael E. Hegarty. Defendants have been prejudiced by Plaintiff's failure to appear and provide an address because they have had to appear at hearings when Plaintiff does not appear and have been unable to either submit discovery responses or complete their own discovery. These same failures have also resulted in a waste of judicial resources as the Court has had to extend discovery deadlines, hold show cause hearings, and search for Plaintiff's current address. The delays in this case and the failures to comply with the Orders of this Court and the local rules are entirely the fault of the Plaintiff. Plaintiff has also been warned of the sanction of dismissal in the show cause order issued by Magistrate Judge Mix. Notice of this order was not returned as undeliverable. Finally, I do not believe that a lesser sanction would be appropriate in this case given Plaintiff's apparent willful failure to prosecute and comply with orders of this court and the local

rules and the substantial prejudice and delay caused by Plaintiff's non-action.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Mix (Docket No. 66) is accepted as modified.

2. Plaintiff's case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1.

DATED at Denver, Colorado, on February 20, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge